BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-CV-02814-LKK-GGH |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| 2004 FORD F-150 TRUCK, VIN: 1FTPX14544KC34836, LICENSE 7K66493, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On May 4, 2011, agents with the Butte Interagency Narcotic Task Force ("BINTF") executed a search warrant at 5920 Meadowdale Drive, Rocklin, California, the home of Jorge Gastelum-Uriarte.  The 2004 Ford F-150 Truck, VIN: 1FTPX14544KC34836, License 7K66493 (hereafter "defendant vehicle") was seized during the execution of the search warrant.  On May 25, 2011, the Federal Bureau of Investigation ("FBI") adopted the defendant vehicle for federal forfeiture.  The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 27, 2011, the FBI received a claim from Jorge Gastelum-Uriarte asserting an ownership interest in the defendant vehicle.

1

Consent Judgment of Forfeiture

2.      The United States represents that it could show at a forfeiture trial that on May 4, 2011, various law enforcement agencies executed fifteen arrest warrants and sixteen search warrants based on an investigation into methamphetamine trafficking by an individual named Mario Salazar.  The search of 5920 Meadowdale Drive, Rocklin, California, revealed ten cell phones, two containers with false bottoms, indicia for Mr. Gastelum-Uriarte, and the defendant vehicle, which law enforcement officers had observed being used to transport controlled substances.

3.      The United States could further show at trial that the various individuals associated with Salazar, including Jorge Gastelum-Uriarte, were charged in an eighteen-count criminal complaint in or about July, 2011.

4.      The United States could further show at a forfeiture trial that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

5.      Without admitting the truth of the factual assertions contained above, Jorge Gastelum-Uriarte specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Jorge Gastelum-Uriarte joined the Stipulation for Consent Judgment of Forfeiture filed herein.  Jorge Gastelum-Uriarte hereby acknowledges that he is the sole owner of the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein.[1]  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, Jorge Gastelum-Uriarte shall hold harmless and indemnify the United States, as set forth below.

6.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant vehicle was seized.

8.      The parties herein desire to settle this matter pursuant to the terms of a

---

[1] Nellie Cisneros, the defendant vehicle's registered owner, did not file a claim to the defendant vehicle.

2

Consent Judgment of Forfeiture

1   duly executed Stipulation for Consent Judgment of Forfeiture.

2        Based upon the above findings, and the files and records of the Court, it is hereby

3   ORDERED AND ADJUDGED:

4        9.    The Court adopts the Stipulation for Consent Judgment of Forfeiture

5   entered into by and between the parties.

6        10.    Upon entry of this Consent Judgment of Forfeiture, the U.S. Marshals

7   Service shall sell the defendant vehicle in the most commercially feasible manner, as

8   soon as reasonably possible, for the maximum price.  Jorge Gastelum-Uriarte and Nellie

9   Cisneros agree to execute promptly any documents that may be required to complete the

10  sale of the defendant vehicle.

11       11.    Upon the sale of the defendant vehicle, the net sale proceeds, less any

12  storage fees, maintenance fees, disposal costs, and auctioneer fees, will be divided as

13  follows:

14            a.    To potential claimant Jorge Gastelum-Uriarte:  $1,000.00 of

15                 the net proceeds from the sale of the defendant vehicle.

16            b.    To the United States of America:  The remainder of the net

17                 sale proceeds.  All right, title, and interest in said funds shall

18                 be substituted for the defendant vehicle and forfeited to the

19                 United States pursuant to 21 U.S.C. § 881(a)(4), to be

20                 disposed of according to law.

21       12.    Plaintiff United States of America and its servants, agents, and employees

22  and all other public entities, their servants, agents, and employees, are released from

23  any and all liability arising out of or in any way connected with the seizure or forfeiture

24  of the defendant vehicle.  This is a full and final release applying to all unknown and

25  unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well

26  as to those now known or disclosed.  The parties waived the provisions of California

27  Civil Code § 1542.

28       13.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed

Consent Judgment of Forfeiture

herein, the Court finds that there was reasonable cause for the seizure of the defendant vehicle and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

15.    All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED:  August 23, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant vehicle.


DATED:  August 23, 2012.


_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4

Consent Judgment of Forfeiture